### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TIMOTHY AND HANNAH LEE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case. No. 11-CV-637-TCK** |
| | ) | |
| **FIRST UNITED BANK AND TRUST, and** | ) | |
| **SHANNON TAYLOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are Defendant First United Bank and Trust's Amended Motion to Dismiss Complaint for Failure to State a Claim (Doc. 6) and Defendant Shannon Taylor's Motion to Dismiss for Failure to State a Claim (Doc. 7).

**I.      Background**

On October 17, 2011, Plaintiffs Timothy and Hannah Lee ("Plaintiffs") filed suit against First United Bank and Trust ("First United") and Shannon Taylor ("Taylor"). Although the Complaint is largely incognizable, it appears that Plaintiffs' allegations stem from a state foreclosure action. Both First United and Taylor identify Case No. CJ-2011-2492 as the underlying action, although the Court did not find a specific reference to this case in Plaintiffs' Complaint. The Complaint is titled as follows:

R.I.C.O, FRAUD/BANK FRAUD
CONSPIRACY/OBSTRUCTION OF JUSTICE
TAX FRAUD, MONEY LAUNDERING, WIRE FRAUD, PERJURY
DUE PROCESS VIOLATIONS IN STATE COURT AND RIGHT TO REMOVE
TO THIS
FEDERAL COURT JURISDICTION, DEFENDANTS DID NOT PRODUCE
THE ORIGINAL NOTE
U.S. Patriot Act Title III

PETITION IN THE NATURE OF A SUIT FOR DEPRIVATION
OF FEDERALLY PROTECTED RIGHTS TITLE 42 USC 1983, 1981, 1985,
1988, TITLE 18 USC 241, 242, 1512, 1968, 1964, FOR INJUNCTIVE AND
DECLARATORY RELIEF AND OTHER DAMAGES AS THE COURT
SHALL DETERMINE REASONABLE, LAWFUL, AND JUST

(Compl. 1.) Both First United and Taylor move to dismiss Plaintiffs' Complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that Plaintiffs Complaint fails to contain

any cognizable claims.

## II.      Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the

plaintiff has stated a claim upon which relief may be granted.  The inquiry is "whether the complaint

contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk,*

*LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544)).  In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ]

[his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting

*Twombly*, 127 S. Ct. at 1974).  Thus, "the mere metaphysical possibility that some plaintiff could

prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the

court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for

these claims." *Schneider*, 493 F.3d at 1177.

## III.     Analysis

After reviewing Plaintiffs' lengthy Complaint,[1] the Court agrees with Defendants that the

Complaint fails to state a claim upon which relief can be granted.  Specifically, even construing

Plaintiffs' Complaint liberally and drawing all reasonable inferences in Plaintiffs' favor, the Court

---

[1]  Plaintiffs' Complaint is eighty (80) pages.

is unable to discern any cognizable claim or set of facts from the allegations therein.  Plaintiffs'

Complaint fails to properly identify the parties to suit, allege any facts creating personal or subject

matter jurisdiction, or outline any specific claims against Defendants.  Instead, the Court agrees with

Taylor that the Complaint "consists of an unintelligible patchwork of inapplicable case law,

irrelevant statutes[,] and memorandums apparently procured from the internet."  (Taylor's Mot. to

Dismiss 6.)  The complete lack of factual allegations or legally cognizable claims renders dismissal

of the Complaint proper pursuant to Rule 12(b)(6).

## IV.    Conclusion

For the reasons outlined herein, the Court GRANTS Defendant First United Bank and

Trust's Amended Motion to Dismiss Complaint for Failure to State a Claim (Doc. 6) and Defendant

Shannon Taylor's Motion to Dismiss for Failure to State a Claim (Doc. 7).  A Judgment of Dismissal

will be entered separately.


**SO ORDERED this 30th day of May, 2012.**


**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**